Dear Mr. Carmouche:
You have requested the opinion of this office concerning the Dual Officeholding Laws, LSA-R.S. 42:61 et seq. Your request has been assigned to the undersigned for review and resolution.
According to your correspondence, you are currently employed on a full-time basis at the University of Southwestern Louisiana as Director of the Department of Special Services. Also, you are the Alderman, District 1, for the Town of Sunset, Louisiana. You indicated that the positions of Alderman and Mayor are part-time elected positions. Your question to this office was the following: "whether or not my holding the office of Alderman or Mayor for the Town of Sunset is a conflict of interest by state statute." In other words, your inquiry concerns whether the Dual Officeholding Laws prohibit an employee in your capacity at USL from holding elected office in the Town of Sunset.
The specific law in question, LSA-R.S. 42:63D, prohibits employment in the government of this state while holding elective office in a political subdivision. The underlying purpose of this law is to promote the citizenry's confidence in public officials and employees of the state. LSA-R.S. 42:61 and Attorney General Opinion No. 93-625. LSA-R.S. 42:63D states in pertinent part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. (emphasis added)
The Director of Special Services is considered "employment in the government of this state", and Mayor or Alderman for the Town of Sunset is considered an "elective office in a political subdivision of this state." Thus, holding the position of Mayor or Alderman of the Town of Sunset while concurrently being employed by the University of Southwestern Louisiana would be a violation of the Dual Officeholding Law. However, your position at USL may fall into the exemption under LSA-R.S. 42:66B which states the following:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
This office has previously stated that the professional educational capacity exemption cited above should be interpreted to exempt those individuals whose employment concerns the educational process. Attorney General Opinion No. 94-278.
In the instant case, it must be determined whether the position you hold at USL "concerns the educational process" to be exempt under LSA-R.S. 42:61. Previously, this office has held that it is within the exemption to hold elective local office and to teach at Louisiana Tech University. Attorney General Opinion No. 94-12. Also, the Administrative Coordinator for the Veterans Upward Bound Program at the University of Southwestern Louisiana fell within the statutory exemption. Attorney General Opinion No. 94-372. However, the Assistant Housing Director at Grambling State University was not covered by the exemption, and thus could not hold a public office as well as this position. Attorney General Opinion No. 93-625.
According to the information you have provided this office, the position of Director of Special Services is responsible for the overall development and administration of the TRIO projects at USL. The TRIO projects are educational programs which include: Student Support Services, Upward Bound, Veterans Upward Bound, Talent Search and the Ronald E. McNair Program. As director of these programs you are required to be a professional administrator, teacher and counselor, spending a great deal of your time counseling students.
It is the opinion of this writer that since the Director of Special Services participates in both teaching and the delivery of educational programs, this position would qualify for the exemption under LSA-R.S. 42:66B. Therefore, the Director of Special Services may hold an elective office as well as his current position without violating the Dual Officeholding Law.
If you have any further questions, do not hesitate to call.
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Gina M. Puleio Assistant Attorney General